UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORETTA HILLWARE,<br><br>                  Plaintiff,<br><br>              -against-<br><br>NATIONAL FOOTBALL LEAGUE; ROGER GOODELL, IN HIS OFFICIAL CAPACITY AS COMMISSIONER, AND EMPLOYER OF THE NEW ORLEANS SAINTS; JAY BAUMAN, IN HIS OFFICIAL CAPACITY AS NATIONAL FOOTBALL LEAGUE COUNSEL, AND EMPLOYER OF THE NEW ORLEANS SAINTS; TOM BENSON, IN HIS OFFICIAL CAPACITY AS NEW ORLEANS SAINTS FOOTBALL CLUB OWNER; VICKY NEUMEYER, IN HER OFFICIAL CAPACITY AS NEW ORLEANS SAINTS GENERAL COUNSEL; MICHAEL STANFIELD, IN HIS OFFICIAL CAPACITY AS NEW ORLEANS SAINTS VICE PRESIDENT; DEREK HENDERSON, IN HIS OFFICIAL CAPACITY AS NEW ORLEANS SAINTS CORPORATE EXECUTIVE OF NATIONAL FOOTBALL LEAGUE AND NEW ORLEANS SAINTS,<br><br>                  Defendants. | 14-CV-8966 (LAP)<br><br>TRANSFER ORDER |

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, a resident of Washington, D.C., brings this *pro se* action, alleging that her former employer, the New Orleans Saints Football Club ("Saints"), subjected her to discrimination on the basis of her sex. The Court construes Plaintiff's claims as arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. For the reasons set forth below, this action is transferred to the United States District Court for the Eastern District of Louisiana.

## DISCUSSION

      The venue provision for Title VII actions provides:

EXHIBIT B

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Plaintiff alleges that the Saints discriminated against her by not rehiring her after she took a leave of absence from her position as "Superdome Saints Tickets Office Supervisor." Therefore, while Plaintiff does not provide an address for her place of employment, it appears that she was employed at the Louisiana Superdome, which is located in New Orleans, Louisiana. *See La. Stadium & Exposition Dist. v. Merrill Lynch, Inc.*, 626 F.3d 156, 158 (2d Cir. 2010). Because Plaintiff was employed at the Louisiana Superdome, and because Plaintiff does not allege that any unlawful employment practice was committed in this State, it appears that venue is not proper in this District under § 2000e-5(f)(3).[1]

Even if venue were proper here, however, the Court could nevertheless transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[A]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' makes a transfer appropriate." *Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the

---

[1] Plaintiff names as Defendants Roger Goodell, the Commissioner of the National Football League, and Jay Bauman, Counsel for the National Football League, and she provides addresses for these Defendants in New York, New York; however, the National Football League and the Saints are two separate entities, *see Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 187 (2010) ("[T]he NFL is an unincorporated association that now includes 32 separately owned professional football teams."), and Plaintiff does not allege that the National Football League has any authority to engage in employment practices on behalf of the Saints.

forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them.  The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.  *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).  A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there.  *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case.  Plaintiff's claims arose in New Orleans, Louisiana, where she was employed and where the allegedly unlawful employment practices appear to have occurred.  New Orleans is located in the Eastern District of Louisiana. *See* 28 U.S.C. § 98(a).  Accordingly, venue lies in the Eastern District of Louisiana.  Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer

this action to the United States District Court for the Eastern District of Louisiana.  *See* 28 U.S.C. § 1406(a); 42 U.S.C. § 2000e-5(f)(3).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Louisiana, mail a copy of this order to Plaintiff, and note service on the docket.  This order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated: December 11, 2014
      New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge

4